**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| BENNY WILLIS, ) | CASE NO:  1:04-cv-1807 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE KATHLEEN O'MALLEY |
| vs. ) | |
| ) | MAGISTRATE JUDGE |
| CITY OF CLEVELAND, *et al*., ) | NANCY A. VECCHIARELLI |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |

On March 6, 2007, Judge O'Malley referred this case to the Magistrate Judge to conduct mediation and for oversight of all non-dispositive pre-trial matters, including discovery matters. (Doc. No. 90.)  During the mediation conference held May 1, 2007, at which no settlement was reached, counsel for Defendants the City of Cleveland and the individual police officers ("City of Cleveland") and counsel for Defendants Anthony Perkins and Diane Green Perkins ("Mr. and Mrs. Perkins") informed the Magistrate Judge that Plaintiff had not responded to their discovery requests.  Under the Case Management Plan, non-expert discovery was due by May 7, 2007. The Magistrate Judge issued the following Order:

> As to the discovery requests of Defendants the City of Cleveland and the individual police officers, counsel, Joseph G. Hajjar, shall provide Plaintiff with copies of the previously served discovery requests immediately following the mediation conference.  Plaintiff shall fully respond to the discovery requests and hand-deliver his responses to Cleveland City Hall no later than Friday, May 4, 2007 at 2:00 P.M.
> As to the discovery requests of Defendants Anthony Perkins and Diane Green Perkins, counsel, Loren M. Gordon, shall have the previously served discovery requests available for Plaintiff to pick up from counsel's office by noon today, May 1, 2007.  Plaintiff shall fully respond to the discovery requests and hand-deliver his responses to counsel's office no later than Friday May 4, 2007 at 2:00 P.M.

(Doc. No. 99 at 1-2.)

On May 10, 2007, Mr. and Mrs. Perkins filed a motion to dismiss the amended complaint. (Doc. No. 100.) The motion to dismiss stated that Plaintiff did not respond to the discovery requests as ordered by this Court, but instead, on May 4, 2007, provided their counsel with a letter in which he stated that he would be dismissing the complaint against them if certain conditions were met, and would be re-filing in state court. The motion requested that the Court dismiss the complaint for the reasons set forth in Plaintiff's letter, which was attached to the motion as an exhibit.

On May 22, 2007, the Magistrate Judge held a telephone conference to discuss Plaintiff's failure to comply with the May 1st discovery order (Doc. No. 99) and the motion to dismiss (Doc. No. 100). Plaintiff indicated that his earlier intention to dismiss the claims against Mr. and Mrs. Perkins was based on his misunderstanding of the law, that he no longer wished to dismiss the complaint against Mr. and Mrs. Perkins, and that he intended to proceed with all of his claims in federal court. Counsel for Mr. and Mrs. Perkins stated that he simply wanted Plaintiff to respond to the discovery requests. Similarly, counsel for the City of Cleveland stated that Plaintiff had not provided the paper discovery requested, and that he sought Plaintiff's responses to all discovery requests. Plaintiff stated that the only documents that he had failed to produce to the City of Cleveland were documents which he did not possess. The Magistrate Judge then issued the following Order:

> Plaintiff shall respond to all discovery requests on or before Friday, May 31, 2007. Concerning the requests of Defendant, the City of Cleveland, to the extent Plaintiff claims he is not in possession of requested documents and cannot obtain them, Plaintiff may not simply ignore the requests, but shall state, under oath, the reason that he cannot produce them, for example, that they are not in his possession, custody or control.

(Doc. No. 103 at 2.) The Magistrate Judge further ordered the parties to contact the Court if Plaintiff failed to comply with the Order. (*Id*.)

Subsequently, on June 4, 2007, in accordance with the May 25th Order (Doc. No. 103), counsel for Defendant the City of Cleveland and counsel for Defendants Mr. and Mrs. Perkins informed the Court by telephone that Plaintiff had not responded to their discovery requests. On June 5, 2007, the Magistrate Judge issued a Show Cause Order requiring Plaintiff to appear on June 12, 2007 and show cause why his claims should not be dismissed with prejudice for failure to comply with the Court's orders. (Doc. No. 104.) The Order informed Plaintiff that if he "fails to appear and show cause, the Court may impose sanctions, including, but not limited to, dismissal of Plaintiff's claims with prejudice." (*Id*. at 2.)

On June 12, 2007, Plaintiff failed to appear at the Show Cause Hearing scheduled for 9:30 a.m. Counsel for the City of Cleveland and counsel for Mr. and Mrs. Perkins were present at the hearing.

At the hearing, counsel for the City of Cleveland stated that Plaintiff has not responded to his discovery requests despite the discovery orders issued by this Court on May 1 and May 25, 2007 (Doc. Nos. 99, 103). He stated that the City of Cleveland has been prejudiced by Plaintiff's failure to comply with the discovery orders in that the City of Cleveland lacks information on the damages claimed by Plaintiff and has no information as to Plaintiff's witnesses. Counsel further stated that he has not heard from Plaintiff since the Show Cause Order was issued on June 5, 2007.

Counsel for Mr. and Mrs. Perkins stated that Plaintiff has not responded to the discovery requests despite the discovery orders issued by this Court on May 1 and May 25, 2007 (Doc.

3

Nos. 99, 103). He stated that his clients have been prejudiced by Plaintiff's failure to comply with the discovery orders in that they have no information about Plaintiff's case for trial. He further stated that he has not been contacted by Plaintiff since the Show Cause Order was issued on June 5, 2007.

At the conclusion of the hearing, both counsel orally moved for dismissal of Plaintiff's claims with prejudice. Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss a Plaintiff's claims "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court." Fed. Rule Civ. P. 41(b). In addition, Fed. Rule Civ. P. 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just." Fed. Rule Civ. P. 37(b)(2).

While I appreciate that "to dismiss a party's action for a failure to prosecute or comply with a court order . . . is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carter v. Bunch*, 956 F.2d 451, 454 (6th Cir. 1991) (internal citations omitted). Nonetheless, under the circumstances, dismissal of Plaintiff's claims with prejudice is warranted.

Plaintiff's conduct in repeatedly failing to comply with the Court's orders indicates bad faith or, at a minimum, a reckless disregard for the effect of his conduct on the proceedings. First, during the mediation conference held six days before the cut-off date for non-expert discovery, counsel for the defendants' informed the Magistrate Judge that Plaintiff failed to answer their discovery requests. The Magistrate Judge ordered counsel for the defendants to make the requests available for Plaintiff on the same date and ordered Plaintiff to fully respond

4

to the requests by hand-delivering his responses no later than May 4, 2007. Plaintiff not only failed to comply with the order, but failed to contact the Court to explain his reasons for noncompliance.

Next, when the Magistrate Judge learned of the noncompliance through the Perkins' motion to dismiss, a telephone conference was held to discuss the matter. The Magistrate Judge took Plaintiff's *pro se* status into consideration. Plaintiff was informed that if he wished to proceed with his claims in federal court, he must respond to all discovery requests and that to the extent Plaintiff claimed that he did not possess certain documents, he was not permitted to simply ignore the requests, but was required to state, under oath, the reason he could not produce them. Plaintiff was again ordered to respond to the discovery requests, this time no later than May 31, 2007. Plaintiff failed to comply with that order and further failed to contact the Court regarding his failure to comply.

Finally, after Plaintiff disregarded two discovery orders, the Magistrate Judge issued a Show Cause Order requiring Plaintiff to appear on June 12, 2007 and show cause why the claims against him should not be dismissed. Plaintiff failed to appear and show cause.

Further, Plaintiff's conduct in repeatedly failing to comply with the discovery orders has prejudiced the defendants. Counsel for the City of Cleveland and counsel for Mr. and Mrs. Perkins complied with the Court's May 1, 2007 Order and either provided or made available to Plaintiff copies of their previously served discovery requests so that Plaintiff could reply at the end of the week in accordance with the Order. Further, both attorneys represented that their clients were prejudiced by the lack of discovery as they lack relevant information as to Plaintiff's alleged damages, are unaware of the identity of Plaintiff's anticipated witnesses, and are unable

to adequately defend the action.

Another factor justifying the sanction of dismissal in this case is that Plaintiff was given fair notice that his claims would be dismissed if he failed to comply with the Court's orders. The Show Cause Order issued June 5, 2007 expressly provides that failure to comply may result in dismissal of Plaintiff's claims with prejudice. Furthermore, Plaintiff was granted an opportunity to show cause why sanctions should not be imposed, but he failed to appear at the hearing. The Court has given Plaintiff fair warning of the sanction of dismissal and an opportunity to show cause, but Plaintiff has failed to respond.

Finally, the Court finds that Plaintiff's conduct amounts "to a failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). As Plaintiff has repeatedly refused to comply with the Court's orders, has declined to take advantage of the opportunity to explain his conduct, and has failed to communicate with the Court regarding its noncompliance and failure to appear, no adequate alternative sanction is available to protect the integrity of the pretrial process and to protect the defendants' interests in obtaining the discovery to which they are entitled under the rules of procedure.

For the foregoing reasons, all of Plaintiff's claims should be dismissed with prejudice.

                        s/ *Nancy A. Vecchiarelli*
                        Nancy A. Vecchiarelli
                        United States Magistrate Judge

DATE: June 15, 2007

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**